IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MELISSA PEARL BEATY | ) | |
| | ) | |
| v. | ) | Case No. 2:08-0118 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |

To: Honorable Kevin S. Sharp, Chief District Judge:

# REPORT AND RECOMMENDATION

This matter was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72, for consideration, including submission of proposed findings of fact and a recommendation for disposition. *See* Order at Docket Entry No. ("DE") 34. Based on the proposed findings of fact, and for the reasons stated below, the Court recommends that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 30) (the "Motion") be GRANTED IN PART and DENIED IN PART, and that Plaintiff's attorney, John Wayne Allen ("Allen"), be awarded fees under 42 U.S.C. § 406(b) in the amount of $4,785, which, after offsetting the EAJA fees of $3,300 previously allowed to Allen, results in fees of $1,485 to be paid from past-due benefits owed to Plaintiff.[1]

---

[1] Although the request for fees is filed in Plaintiff's name, her counsel, Allen, is the real party-in-interest.

## I. Background and Proposed Findings of Fact

Before the Court is Plaintiff's motion for approval of attorney fees pursuant to 42 U.S.C. § 406(b). DE 30. Plaintiff's attorney, Allen, seeks a fee award of $23,451.47.[2] Plaintiff filed a claim for disability benefits on October 21, 2004 (DE 1 at 2), which was denied initially and upon reconsideration.[3] Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with her counsel at a hearing before ALJ George Evans, III, on September 30, 2007.[4] On November 5, 2007, the ALJ denied Plaintiff's claim. Plaintiff filed a timely request for review before the Social Security Appeals Council. On October 31, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner (also referred to herein as the "Defendant"). This civil action was thereafter commenced by the filing of a complaint on December 9, 2008. DE 1.

On February 23, 2009, Plaintiff filed a motion for judgment on the record. DE 16. After multiple extensions of the time to respond, and after "further review" of the entire matter, Defendant moved to remand (DE 24), which presumably occurred as a result of Plaintiff's appeal by commencement of this action and motion for judgment on the record. Upon Defendant's motion, the Court remanded Plaintiff's claim for proper consideration of the severity of her combined impairments, including the full record of medical evidence, and reevaluation of Plaintiff's residual functional capacity, her past relevant work, and

---

[2] See n. 5 below.
[3] According to her complaint, Plaintiff asserted that she suffers from severe migraine headaches, irritable bowel syndrome, severe anxiety, and depressive disorder. DE 1 at 2. Unless otherwise noted, the references to the administrative history of Plaintiff's claim are taken from Plaintiff's complaint, which is Docket Entry No. 1.
[4] Allen, who is the applicant for fees in this case, did not represent Plaintiff in the first administrative hearing. *See* DE 32 at 4.118

examination of Plaintiff's ability to perform a significant number of jobs in the national economy. DE 26. On remand, a favorable decision was entered as to Plaintiff on May 14, 2014, with an amended alleged onset date of October 24, 2003. DE 30-4. A Notice of Award was issued on June 18, 2014. DE 30-1. The past-due benefits owed to Plaintiff totaled $96,415.90. DE 30-1.[5]

Based on her successful appeal to this Court, on June 30, 2009, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). DE 27. Allen originally moved for an award of EAJA fees of $3,668.50, based on a total of 31.9 hours spent in representation of Plaintiff in this Court multiplied by an hourly rate of $115. *See* DE 37 and 27-1 at 1-3. By agreement with Defendant, Allen was granted fees under the EAJA in the amount of $3,300. DE 28 and 29.

Allen also received fees totaling $10,000 under 42 U.S.C. § 406(a) for representation of Plaintiff in the administrative proceedings. *See* DE 38 at 2-3 and 38-2.[6] Although it is not entirely clear how the Commissioner specifically calculated fees of $10,000, according to

---

[5] In a supplemental filing, Defendant clarified the amount owed to Plaintiff as $95,415.90. *See* DE 38 at 3 and n.1. Using this clarified amount, 25% would be $24,102.98. Because the Court does not find that Plaintiff's counsel is entitled to either a contingency fee or a percentage of the past-due benefits, the difference between $24,102.98 and the amount actually sought by Plaintiff's counsel ($23,451.47) makes no difference.

[6] Neither party has provided the Court with a clear and succinct history of the attorney fee determination and award. In a supplemental filing intended to address the lack of complete information (*see* DE 35), Defendant attached some correspondence from the Social Security Administration to Plaintiff and her counsel regarding attorney's fees. *See* DE 38 and accompanying exhibits. However, other referenced correspondence was not provided to the Court. *See* DE 38-2 at 1 (referring to letter from Plaintiff or her attorney dated March 27, 2015). Plaintiff's counsel apparently requested a fee award of $17,451.17 under section 406(a) (*see* DE 38-2 at 2), which appears to be the difference between his request of $23,451.47 (based on 25% of the original back-benefits calculation, which was a lower amount) and the $6,000 in section 406(a) fees that he had already received at the time of his request (*see* DE 33 at 4). This and the other findings made about the fees awarded to Plaintiff's counsel are those that are discernable from the information provided. Additionally, during a telephonic status conference in February 2016, counsel for the parties jointly acknowledged that Plaintiff's counsel has been paid $10,000 in fees allowed under section 406(a) and $3,300 in EAJA fees. *See* Docket No. 39 at 1.

time records submitted by Allen in support of his fees in this case, he spent 79.7 hours in representation of Plaintiff in connection with the administrative proceedings following remand.[7] Based on the $10,000 in fees awarded under section 406(a), this equates to an hourly rate of approximately $125 per hour.

The instant motion for fees under 42 U.S.C. § 406(b) was filed on August 21, 2014. DE 30. Allen seeks fees of $23,451.17, calculated as 25% of the back benefits owed to Plaintiff.[8] Allen relies on a Fee Agreement dated July 4, 2009,[9] pursuant to which he maintains that he is entitled to a 25% contingency fee based on the following language:

> I agree that if SSA favorably decides my claim at the Appeals Council level; or at the ALJ hearing <u>after</u> a decision by the Appeals Council or by a Federal Court; or if a Federal Court favorably decides my claim, I will pay my attorney a fee equal to 25% of all past-due benefits in my Social Security and/or 25% for disability claims.

DE 30-3 at 1 (emphasis in original).[10] In addition to his reliance on the Fee Agreement, Allen asserts that an hourly rate of $150 with a multiplier of two is a reasonable fee calculation, and that multiplying the 83.2 hours detailed in his time records by $300 per hour justifies a fee of $24,960, which is more than the $23,451.47 he requests. *See* DE 31 at 3 and DE 30-2.

Defendant opposes the requested fees as unreasonable on the following grounds: (i) the fee request is untimely; (ii) no contingency fee arrangement was in place when Allen provided services at the court level, as the Fee Agreement was signed and dated after the

---

[7] As noted above, Allen did not represent Plaintiff during the initial administrative proceedings.

[8] See n. 5 above.

[9] As is demonstrated by the following language, the purported contingency Fee Agreement is not a model of clarity.

[10] Of the 25% requested fee award, Allen originally sought payment of $17,451.47. *See* DE 31 at 3 and 32 at 6. This was the net amount after reduction for the $6,000 in fees already paid to Allen under section 406(a) at the time of the Motion for Fees. During the time the fees motion has been pending, Allen was awarded and paid an additional $4,000 in fees under section 406(a). *See* DE 38 at 2-3, 38-2, and 38-3. As noted above, Allen also received $3,300 in fees under the EAJA.

Court's remand; and (iii) nearly all of the services provided by Allen were at the administrative level after remand.[11] Defendant acknowledges that it inadvertently released all of Plaintiff's back benefits directly to her, except for $6,000 of the attorney's fee approved for work performed by Allen at the administrative level. *See* DE 38 at 2 and 38-1. When Allen was awarded an additional fee of $4,000 under section 406(a), the Commissioner paid the fee and assessed an overpayment on Plaintiff's account, to be repaid by withholding payments to Plaintiff. *See* DE 38 at 2-3.

Against this factual background, the Court considers the extent to which Allen may be entitled to attorney's fees under 42 U.S.C. § 406(b). For the reasons stated below, the Court finds that Allen is entitled to fees under 42 U.S.C. § 406(b) in the amount of $4,785, which, after offsetting the EAJA fees of $3,300 previously allowed to Allen, results in fees of $1,485 to be paid from past-due benefits owed to Plaintiff.

## II. Analysis

### A. Relevant Provisions for Payment of Attorney's Fees

Because of the facts of this case, it is useful to briefly review the three statutory provisions that provide for payment of attorney's fees to attorneys who handle Social Security cases at the administrative level or successfully appeal adverse Social Security decisions by filing a complaint in federal court. First, the Equal Access to Justice Act, which broadly applies outside of the Social Security context, authorizes the court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials. *See* 28 U.S.C.

---

[11] Defendant has no direct financial stake in the outcome of Allen's motion for section 406(b) fees, rather, Defendant "plays a part in the determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

§ 2412(d)(1)(A). A claimant who wins a remand of her Social Security appeal may be considered to be a "prevailing party," regardless of whether benefits are ultimately awarded. Fees awarded under the EAJA are paid by the Social Security Administration, and therefore do not impact a claimant's future award of benefits. By statute, a motion for fees under the EAJA must be filed within thirty (30) days of the date that final judgment is entered by the court. 28 U.S.C. § 2412(d)(1)(B) and (d)(2)(G). In the case of a Social Security appeal, the date of the final judgment would be the date of the remand order (or order awarding benefits).

Two additional fee provisions are found in the Social Security Act itself. Section 406(a) provides for payment of fees for representation of a claimant at the administrative level. Because section 406(a) is designed to compensate for work done before the administrative tribunal, the Secretary of Health and Human Services, through the Commissioner of Social Security, may award a reasonable fee to compensate a successful claimant's attorney. *Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc).

In the instant motion, fees are requested under Section 406(b) of the Social Security Act, which allows federal courts to award attorney's fees, up to the statutory maximum of 25% of the total of the past-due benefits, for representation of a successful disability claimant in federal court. 42 U.S.C. § 406(b). *See also Horenstein*, 35 F.3d at 262.[12] Unlike the EAJA, section 406(b) does not contain a statutory time limit for filing a fee request. Also in contrast to the EAJA, section 406(b) fees come directly out of the successful claimant's past-due benefits. In cases where a successful claimant's attorney first receives an EAJA fee award

---

[12] Because the total of the recommended fees to be awarded to Plaintiff's counsel under section 406(b) added to the fees already awarded under section 406(a) does not approach 25% of the past-due benefits owed to Plaintiff, it is not necessary for the Court to determine whether section 406(b) caps both agency and court fees as argued by Defendant (DE 33 at 5). *See, e.g., Ballatore v. Comm'r of Soc. Sec.*, No. 11-15335, 2015 WL 5830836, at *7 (E.D. Mich. August 5, 2015).

and then subsequently receives a fee award under section 406(b), the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002) (citing Act of Aug. 5 1985, Pub.L. 99-80, § 3, 99 Stat. 186).[13]

### B. Merits of the Motion

#### 1. Timeliness

Section 406(b) does not contain a time limitation for filing fee applications. Some courts have held that, absent a local rule providing otherwise, Fed. R. Civ. P. 54(d) governs. *See Pierce v. Barnhart,* 440 F.3d 657, 663–64 (5th Cir. 2006). Local Rule 54.01(b)(1) provides that motions for attorney's fees "shall be filed within thirty (30) days from the District Court's entry of final judgment in the case." However, Local Rule 54.01(b)(1), like Fed. R. Civ. P. 54(d), is difficult to apply in the context of a sentence-four remand for further proceedings. At the time of the remand, the claimant's attorney is uncertain as to whether fees will be recoverable and, if so, in what amount. Nor is claimant's attorney likely to have certainty as to those questions in order to file a motion for fees within thirty (30) days of the date of the remand order.

Local Rule 54.01 also addresses motions for fees for appellate work in a case, and similarly directs that such motions shall be filed within thirty (30) days from entry of the Sixth Circuit mandate, or, if applicable, within thirty (30) days from the denial of a petition for certiorari or other final decision of the Supreme Court. Local Rule 54.01(b)(2). However, Local Rule 54.01(b)(2) does not specifically apply to Social Security appeals.

---

[13] Courts have also offset the two awards. *See, e.g., Figard v. Comm'r of Soc. Sec.,* No. 1:09-cv-425, 2012 WL 1601300 at *2 (W.D. Mich. March 12, 2012) (because claimant, rather than her attorney, received benefit of the EAJA fee award when it was intercepted by the U.S. Department of Treasury to offset a debt she owed to the U.S. Department of Education, there was no reason to reduce her attorney's section 406(b) fee by the amount of the EAJA fee).

The Sixth Circuit has not weighed in on the issue of timeliness of a motion for fees under section 406(b). *See Reynolds v. Comm'r of Soc. Sec.*, 292 F.R.D. 481, 484-85 (W.D. Mich. 2013) (discussing approaches of various other circuits).[14] Nor is there any consistency among the courts within the Sixth Circuit on the issue.

Given the lack of guidance from the Sixth Circuit on the timing of section 406(b) fee motions, the Court finds the better reasoned approach to be that of the courts that have applied equitable tolling. *See Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp. 2d 921, 924 (W.D. Mich. 2007) and *Reynolds*, *supra*. The law on this issue remains unsettled. *See Reynolds*, 292 F.R.D. at 485. While the Court is not adopting a rule for all future cases, the Court believes that for purposes of this case, Allen's motion should be considered under equitable tolling principles.

In deciding whether equitable tolling should apply, the Court considers the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Bentley*, F. Supp. 2d at 924 (quoting *Griffin v. Rogers,* 399 F.3d 626, 635 (6th Cir. 2005)). The Court finds that, under the facts and circumstances of this case, these factors weigh in favor of tolling. No authority sets out a clear deadline for filing a section 406(b) fees motion from which the Court can find that Allen had notice or constructive notice of the filing requirement. He was

---

[14] The Western District of Michigan subsequently amended its local rules to address this circumstance, and Western District of Michigan Local Rule of Civil Procedure 54 now expressly provides that "[t]he time to file a motion for fees expires 35 days after … the date shown on the face of the Notice of Award issued by the Social Security Administration." *Beard v. Comm'r of Soc. Sec.*, No. 1:09-cv-283, 2014 WL 902577 at *2 (W.D. Mich. March 6, 2014) (quoting W.D. Mich. L.Civ. R 54(b)).

reasonably diligent in filing his fees motion approximately two months—some 64 days—after the Notice of Award was issued on June 18, 2014.[15]

Defendant asserts, perhaps somewhat mildly, that Plaintiff will be prejudiced by the allowance of any other fees to Allen, primarily based on Defendant's argument that the fees requested by Allen would result in an exorbitant hourly rate. However, the Court is not persuaded by this argument since it is recommending fees much lower than those sought by Allen. Nevertheless, because the net amount of the fee award will have to be withheld from Plaintiff's benefits as an overpayment, she will, of course, be impacted. Given the amount of the recommended award, and the fact that the full 25% would ordinarily have been withheld on the front-end but for Defendant's inadvertence, the Court declines to find that this impact rises to the level of prejudice. Additionally, if Defendant—the Commissioner—is genuinely concerned about some potential prejudice to Plaintiff, she can, as noted below, grant Plaintiff a waiver of repayment of the awarded fees.

**2. Reasonableness of Fees Requested**

To recover attorney fees under 42 U.S.C. § 406(b), the following conditions must be met:

(1) The court must have rendered a judgment favorable to the claimant;

(2) The claimant must have been represented by counsel; and

---

[15] Defendant asserts that consideration of the timing ought to begin with the May 14, 2014 Notice of Decision letter. *See* DE 40 at 2. In that regard, the Court notes that Defendant miscalculated the number of days as 69, when, in fact, Allen's fee motion was filed 99 days after the Notice of Decision letter. Regardless, the Court finds, consistent with other courts, that the Notice of Award is the more appropriate date from which to analyze the timeliness of Allen's fee motion. *See Bentley*, 524 F. Supp. 2d at 922, 924 (May 14, 2007 fee motion filed within two months after March 20, 2007 Notice of Award) and *Reynolds*, 292 F.R.D. at 483 (fee motion filed 64 days after Notice of Award).

(3) The court finds the fee reasonable and not in excess of 25% of the total of past-due benefits to which the claimant is entitled.

28 U.S.C. § 406(b). Even with an unopposed motion for attorney's fees, the courts must still determine whether the requested fee is reasonable under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002). *See also McKinney v. Colvin*, No. 2:14-cv-168, 2015 WL 9269288, at *1 (E.D. Tenn. December 3, 2015). Subject to the 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. at 807.

The Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). When, however, the fee agreement was made at a time when there was no contingency, the contingent fee arrangement is not entitled to the weight of a rebuttable presumption. *Damron v. Comm'r of Soc. Sec.,* 104 F.3d 853, 857 (6th Cir. 1997). *See also Reynolds*, *supra*, at 925-26. That is precisely the case here.

The Fee Agreement between Plaintiff and her counsel was signed and dated on July 4, 2009, *after* entry of the Court's order of remand entered on June 26, 2009. As noted by the Sixth Circuit in the *Damron* case, at the time that Allen negotiated the Fee Agreement with Plaintiff, he had a 100% chance of success. *Id*. Accordingly, the Court finds there is no basis to apply a multiplier to the standard fee, as that would amount to a windfall to Allen. Put another way, Allen has failed to demonstrate that a fee award of the statutory cap of 25% is reasonable.[16] It then becomes necessary to determine what other amount, if any, should be

---

[16] The Court notes that there is no indication in the record whether Plaintiff consents to Allen's section 406(b) fee request. *See e.g. Reynolds*, *supra*, at 485 (plaintiff expressly consented to

awarded as reasonable fees. In the absence of a contingent fee agreement, the most useful starting point for determining a reasonable fee is the "lodestar," or the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Bentley*, *supra* at 925 (citing *Hensley v. Eckerhart*, 451 U.S. 424, 433, 103 S. Ct. 1933 (1983)).

The work Allen performed for Plaintiff in the proceedings in this Court ultimately resulted in a significant award of past-due benefits to Plaintiff. In opposing Allen's fees, Defendant refers to Allen's time records in support of the motion for fees, which reflect only one time entry of 3.5 hours prior to the Court's June 26, 2009 order of remand, and asserts that the requested fees divided by those 3.5 hours results in an exorbitant rate of thousands of dollars per hour. *See* DE 33 at 4 and DE 30-1 at 1. However, Allen's time records in support of his EAJA fees request reflect 31.9 hours of time spent in representing Plaintiff in connection with the court proceedings (DE 27-1 at 3).

Allen's attempt to rely on the more than 80 hours of time spent in representing Plaintiff in the administrative proceeding following the June 26, 2009 remand as the basis for his request for fees under section 406(b) is unavailing. Allen was awarded fees under section 406(a) for that administrative representation, and this Court may "award fees only for the work done before it." *Horenstein, supra* at 262.[17] Notwithstanding that Allen submitted

---

fees requested by his attorney). It does, however, appear from the record that Plaintiff may have opposed the Commissioner's decision to award section 406(a) fees of $10,000 to Allen. *See* DE 38-2.

[17] The Court is not impressed with Allen's inclusion of almost exclusively administrative representation hours in his section 406(b) fees motion, while failing to include almost all of the court representation hours. It is not clear whether this is a reflection of some misunderstanding on Allen's part of the nature of section 406(b) fees or a deliberate effort to justify an increased fee award by inclusion of a greater number of hours. Either way, the Sixth Circuit has made clear that this Court can only award fees for work done before it. There is some appeal to an argument that the work done in federal court is the foundation for the administrative proceeding that follows, and the Court can therefore appropriately consider the time spent after remand in determining the overall reasonableness of a request for section 406(b) fees. The Court finds it unnecessary to analyze that argument in this case because the Court is applying a lodestar approach rather than evaluating the reasonableness of a contingency fee.

different time records in support of his section 406(b) fee request, the Court has reviewed the time records submitted by Allen in support of his EAJA fee motion, which reflect 31.9 hours spent in representing Plaintiff in connection with this action. The Court finds those 31.9 hours to be reasonably spent in representation of Plaintiff in this Court, and therefore the appropriate basis upon which to calculate any fee award to Allen under section 406(b).[18]

Next, the Court must address the appropriate hourly rate by which to multiply the hours spent. The Sixth Circuit has noted that a "reasonable" rate is usually the prevailing market rate, or the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue. *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir. 2004). The determination of a reasonable rate is made more difficult by the wide variations in lawyers' experience, skill, and reputation, and an attorney's customary client billing rate is one reliable indicia of that attorney's prevailing market rate. *Schumacher v. AK Steel Corp. Ret. Acc. Pension Plan*, 995 F. Supp. 2d 835, 844 (S.D. Ohio 2014). This normal billing rate provides "an efficient and fair short cut for determining the market rate." *Hadix v. Johnson,* 65 F.3d 532, 536 (6th Cir. 1995) (internal citation omitted). *See also Bentley, supra*, at 925-26 (attorney's regular hourly rate is reasonable basis to calculate lodestar fees in a Social Security appeal with no contingent fee agreement).

Here, it is not entirely clear whether Allen's regular hourly rate is $115, as requested in his EAJA fee request (DE 27-1 at 2), or between $125 and $150, as stated in support of his request for section 406(b) fees (DE 31 at 2).[19] The Court also notes that the only evidence in

---

[18] The Court is not including the 3.5 hour entry for November 5, 2008, reflected on Allen's time records submitted with the instant motion (DE 30-2 at 1), because this entry appears to duplicate work that apparently took place on November 4, 2008, as reflected on Allen's time records submitted with his EAJA fees motion (DE 27-1 at 3).

[19] Any lack of clarity about Allen's regular hour rate is attributable to Allen's presentation of his fee requests, which, at best, demonstrate a lack of attention to detail.

the record of any standard or market hourly rates in federal cases generally is found in Allen's affidavit in support of his section 406(b) fees request, in which he states that, according to other attorneys with whom he consulted about prevailing rates, those rates fall somewhere between $150 and $200.[20] Allen has the burden of demonstrating the reasonableness of his fees, including the reasonableness of the component hourly rate. Based on the results achieved, the time spent (including the fact that Allen sought to rely on administrative time as the basis for section 406(b) fees), and the evidence offered by Allen of prevailing hourly rates, the Court finds a reasonable hourly rate in this case to be $150, the upper end of Allen's acknowledged hourly rate.[21]

Thus, multiplying the 31.9 hours reasonably spent by an hourly rate of $150 results in fees of $4,785, which amounts to $1,485 after offsetting the EAJA fees of $3,300. The Court concludes this is a reasonable fee award under the facts and circumstances of this case. The net fee amount of $1,485 should be paid to Allen from the past-due benefits owed to Plaintiff

As noted, Defendant acknowledges that it inadvertently released all of Plaintiff's back benefits directly to her, except for $6,000 of the attorney's fee approved for work performed by Allen at the administrative level. *See* DE 38 at 2 and 38-1. This means that there are no funds held by Defendant from which to pay the section 406(b) fees awarded. To pay the $1,485 in net fees to Allen, the Commissioner will assess an overpayment on Plaintiff's account, and unless Plaintiff appeals the assessment or requests a waiver that the

---

[20] The Court recognizes that greater hourly rates are routinely allowed in this District for Social Security appeals based on contingency fee agreements. But, for the reasons stated, the Court finds that this is not a contingency case, and fees are more appropriately awarded on a traditional lodestar approach.

[21] This recommendation should not be misconstrued or extrapolated to suggest that $150 is a per se reasonable hourly rate from which to start calculation of Social Security fees, that $150 per hour is the relevant market rate for all Social Security cases, or that some hourly rate higher than $150 is per se unreasonable. The Court simply finds that based on the facts and circumstances of this case, an hourly rate of $150 is reasonable.

Commissioner grants, the Commissioner will withhold benefits until the attorney's fees are repaid. *See* DE 38 at 2. The Court expressly encourages the Commissioner to strongly consider waiver of repayment if requested by Plaintiff since but for the actions of the Commissioner in failing to withhold the ordinary 25%, there would be withheld funds from which to pay the fees awarded herein.[22]

### III. Recommendation

Based on the foregoing, the Magistrate Judge recommends: (i) that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (DE 30) be GRANTED IN PART and DENIED IN PART; (ii) that Plaintiff's attorney, John Wayne Allen, be awarded fees under 42 U.S.C. § 406(b) in the amount of $4,785, which after offsetting the EAJA fees of $3,300 previously allowed to Allen, results in fees of $1,485 to be paid from past-due benefits owed to Plaintiff; and (iii) that the Commissioner of Social Security be DIRECTED to pay Attorney John Wayne Allen the amount of $1,485 from the past-due benefits awarded to Plaintiff.

Any party has fourteen (14) days from receipt of the Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of

---

[22] The Court recognizes that the net effect to Plaintiff is the same whether the funds from which the fees are paid are withheld on the front-end or withheld from past-due benefits she is currently receiving, but withholding or reducing benefits that Plaintiff is already receiving may have a much different practical effect than taking the fees out of funds that Plaintiff had not yet actually received.

this Recommendation. *Thomas v. Arn*, 47 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge