# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MELISSA PEARL BEATY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 2:08-cv-00118 |
| v. ) | |
| ) | Judge Sharp |
| **COMMISSIONER OF SOCIAL** ) | Magistrate Holmes |
| **SECURITY** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Plaintiff Melissa Pearl Beaty has filed a Motion for Attorney Fees ("Motion") under 42 U.S.C. § 406(b), (Docket No. 30), which Defendant, the Social Security Administration ("SSA"), has opposed, (Docket Nos. 33, 38, 40).[1] Magistrate Judge Holmes has issued a Report and Recommendation ("R & R"), (Docket No. 42), in which she recommends that the Motion be granted in part and denied in part.

The R & R includes a thorough review of the procedural history of this case and a useful summary of the law surrounding the fee provision at issue here. Specifically, Magistrate Judge Holmes considered the facts and circumstances of this case and determined that Plaintiff's request for fees should benefit from equitable tolling. As for the amount of the fee award, Magistrate Judge Holmes recommends that Plaintiff's counsel be awarded the reasonably hourly rate of $150.00 for the 31.9 hours he spent representing Plaintiff before this Court (a sum of $4,785.00), less the amount he already recovered for that work pursuant to the Equal Access to Justice Act ($3,300.00), resulting in a total award of $1,485.00. Magistrate Judge Holmes notes that because the SSA "inadvertently released all of Plaintiff's back benefits directly to her . . .

---

[1] Although filed under Plaintiff's name, Plaintiff's counsel is the real party-in-interest.

there are no funds held by Defendant from which to pay the section 406(b) fees [now] awarded." (Docket No. 42 at 13). The fee award will therefore to be assessed against Plaintiff's future benefits, which is not ideal.

Despite being advised that any objections to the R & R needed to be filed within fourteen (14) days, neither party has objected. Having considered the matter de novo as required by Rule 72 of the Federal Rules of Civil Procedure, the Court agrees with the recommended disposition. The Court also joins Magistrate Judge Holmes in "expressly encourag[ing] the Commissioner to strongly consider waiver of repayment if requested by Plaintiff." (Docket No. 42 at 14).

Accordingly, the Court hereby rules as follows:

1) The Report and Recommendation (Docket No. 42) is ACCEPTED and APPROVED;

2) Plaintiff's Motion for Attorney Fees (Docket No. 30) is GRANTED IN PART and DENIED IN PART; and

3) Plaintiff's attorney, John Wayne Allen, is AWARDED $1,485.00 in fees, payable by assessing an overpayment on Plaintiff's account.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE